UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLEN ALAN SHARKANY,
    *Plaintiff*,

v.

TASHA HAM,
    *Defendant.*

No. 3:21-cv-1381 (VAB)

**INITIAL REVIEW ORDER**

Glen Alan Sharkany ("Plaintiff"), incarcerated at Osborn Correctional Institution, has filed a Complaint *pro se*, under 42 U.S.C. § 1983. Mr. Sharkany names one Defendant in the case caption, Discharge Planner Tasha Ham. Compl. at 1, ECF No. 1 (Oct. 18, 2021) ("Compl."). Within the body of the Complaint, he also lists Lieutenant Clayton and Dr. Heather Gaw as defendants.[1] Mr. Sharkany allegedly seeks damages and injunctive relief.

**I.    BACKGROUND**

Mr. Sharkany alleges that defendant Ham made a false statement to Lieutenant Clayton, which resulted in Mr. Sharkany being returned to general population. Compl. at 3–4. He later had to be taken to the hospital to receive eight stitches. *Id*. Mr. Sharkany also alleges having been placed in handcuffs, and put in a cell without his clothing. *Id*. at 9. He also allegedly lost two pairs of eyeglasses. *Id*. at 10.

For three years, Mr. Sharkany allegedly received no disciplinary tickets. *Id.* at 3. He allegedly had been classified as a level 2 Mental Health inmate, but questions what this mental

---

[1] Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. Although they technically are not defendants, the Court considers possible claims against Lieutenant Clayton and Dr. Gaw. As the Court concludes that Mr. Sharkany must amend his complaint, the Court does not order that Lieutenant Clayton and Dr. Gaw be added as defendants at this time.

1

health treatment has accomplished. *Id*.

Mr. Sharkany alleges that he had been prescribed only 50 mg Seraquil in the community, and that there, he committed no crimes and received no tickets. *Id*. at 5. But, in prison, Mr. Sharkany alleges that he has been paneled and forced to take other medication. *Id*. Mr. Sharkany questions why he was forcibly medicated when allegedly violent Black inmates are not. *Id*. Mr. Sharkany alleges that psychiatrist I.E. Jawal and Brian Patty forcibly medicated him. *Id*. at 6. Mr. Sharkany argues that incidents from years ago do not support the current decision to forcibly medicate him. *Id*. at 7. He also alleges that staff lied at the hearing. *Id*.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia*, the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)). In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) ("The

language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.").

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (noting that *pro se* complaints must allege "'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)).

## III. DISCUSSION

The Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted); see *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (purpose of the complaint "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). To facilitate this, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[i]t is well settled that, in order to establish a

defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

Although not clearly articulated in his Complaint, the Court assumes that Mr. Sharkany asserts a substantive due process claim regarding forced medication, an Eighth Amendment claim for use of excessive force, and state law claims for slander and defamation in connection with statements made at the hearing.

Mr. Sharkany acknowledges that he must allege facts showing the personal involvement of each defendant in his alleged constitutional violation but has not done so. *See* Compl. at 7. The only mention of Defendant Ham and Lieutenant Clayton is the allegedly false statement made to Lieutenant Clayton by Defendant Ham. Mr. Sharkany does not allege any facts connecting Defendant Ham or Lieutenant Clayton to the alleged use of excessive force or the forced medication. In addition, other than indicating that he wishes her to be a defendant, Mr. Sharkany does not mention Dr. Gaw in the Complaint. Thus, Mr. Sharkany has failed to allege facts showing the personal involvement of any person in his federal claims.

For the purpose of this analysis, the Court assumes that Defendant Ham's statement caused Mr. Sharkany's return to general population and that Lieutenant Clayton was responsible for the transfer. Mr. Sharkany, however, has no constitutional right to be confined in any particular area of the correctional facility. *See Andrews v. Semple*, No. 3:17-cv-1233(SRU), 2017 WL 5606740, at *4 (D. Conn. Nov. 21, 2017) (inmates have "no constitutional right to be housed in any particular correctional facility" (citing *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983)); *Russell v. Scully*, 15 F.3d 219, 221 (2d Cir. 1993) (inmates have no due process interest in being confined in a certain location within a prison). Thus, Mr. Sharkany's transfer to general

population does not support a cognizable claim.

Accordingly, Mr. Sharkany's Complaint will be dismissed for failure to state a claim.

### IV.   CONCLUSION

For the reasons stated above, Mr. Sharkany's Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for failure to allege a cognizable claim against any defendant.

Mr. Sharkany may file an Amended Complaint if he can allege facts identifying the persons involved in his constitutional claims, when the claims occurred, and showing how each defendant was involved.

Any Amended Complaint shall list all defendants in the case caption and be filed by **August 12, 2022**.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE